**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 08-20480

D-1: GABRIEL KISH and
D-2: DEBORAH SUMMERS,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTIONS FOR CLARIFICATION**

In February 1994, Defendant Gabriel Kish secured a federal firearms license and opened a gun shop, the Highland Gun Barn. Defendant Deborah Summers helped Kish run the shop and handled bookkeeping. After Defendants repeatedly violated the terms of Kish's license, the Bureau of Alcohol, Tobacco, and Firearms ("ATF") eventually revoked the license. As an extensive ATF investigation uncovered, Kish and Ms. Summers continued buying and selling firearms despite having no license. On September 17, 2008, Defendants were each indicted on one count of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). They pleaded not guilty and went to trial, where each was convicted by a jury. Kish was sentenced to 48 months' imprisonment and Ms. Summers was sentenced to 57 months' imprisonment. They appealed both their convictions and their sentences but to no avail. A Sixth Circuit panel upheld the trial court's ruling.

On June 8, 2011, Kish filed a "Motion for Clarification." On July 11, 2011, Ms. Summers filed an identical motion. In these motions, Defendants argue that the

rationale behind their sentence lengths is unclear. According to Defendants, their base offense levels should be reduced from ten to six under the United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(2), which allows for a four-point decrease in unlawful possession of a firearm charges if all guns possessed are part of a collection or are for sporting. Defendants claim that every one of the 477 firearms in their possession at the time of their arrests was part of a collection and that the record is unclear on why they were denied this reduction.

Defendants' offense levels were not adjusted down under the collection exception of § 2K2.1(b)(2) because the guns at issue were not part of a collection. This assertion–that all of the firearms Defendants illegally possessed and sold were part of a collection–was addressed and rejected by both this court and the Court of Appeals.

At trial, the jury was instructed that it could not convict Defendants unless it found they were engaged in the business of dealing in firearms, and that "engaged in the business" excluded sales made related to a private collection. The jury found Defendants guilty. During sentencing the court again addressed this issue and determined that Defendants' firearms were not part of a collection. Defendants appealed and a panel of the Sixth Circuit affirmed, concluding that "[t]he evidence, considered in the light most favorable to the government, was sufficient for the jury to find beyond a reasonable doubt that Kish and Summers were engaged in the repetitive purchase and resale of firearms with the principal objective of livelihood and profit." *United States v. Kish*, 424 F. App'x 398, 406 (6th Cir. 2011). In light of this history, Defendants have no justification to now argue that the firearms were part of a collection.

2

Under 18 U.S.C. § 3582(b), Defendants' sentences are final–having been upheld on appeal–unless the government were to file a motion pursuant to Federal Rule of Criminal Procedure 35.  Defendants' only hope of altering their sentences would be a motion under 28 U.S.C. § 2255 arguing that there sentences were unconstitutional or in violation of statute.  They have made no such motion, nor does it seem likely such a motion would be sustainable based upon this issue.  Accordingly,

IT IS ORDERED that Defendants' motions for clarification [Dkt. ## 75 &76] are DENIED.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  June 15, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 15, 2012, by electronic and/or ordinary mail.

 s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522